IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

_____
                                    )
U.S. SECURITIES AND EXCHANGE        )
COMMISSION,                         )
                                    )
            Plaintiff,              )
                                    )
        v.                          )   Case No. 08-CV-0787-MJR
                                    )
JEFFREY LAUMBATTUS,                 )
                                    )
            Defendant,              )
                                    )
        and                         )
                                    )
JONI LAUMBATTUS,                    )
                                    )
            Relief Defendant.       )
_____ )

## PRELIMINARY INJUNCTION

**REAGAN, District Judge:**

    This matter is before the Court upon motion of the Securities and Exchange Commission (SEC) for a preliminary injunction freezing the assets of Defendant Jeffrey Laumbattus and Relief Defendant Joni Laumbattus and enjoining both from taking any actions to transfer or dissipate funds which, the SEC alleges, Mr. Laumbattus misappropriated from investors in violation of the federal securities laws. The Court held a hearing on Plaintiff's motion on November 21, 2008. Both Defendant and Relief Defendant received notice of the hearing. Ms. Laumbattus was present and represented by counsel.

    At the hearing, the SEC presented live testimony from Charles Davis, a member of the Commission's Division of Enforcement. Mr. Davis investigated the activities of Mr. Laumbattus after his office received a complaint from a defrauded investor. Mr. Davis testified that Mr. Laumbattus solicited money from investors based on the false representation that he would invest their funds in the stock market for their benefit. Laumbattus did not in fact invest

any of the monies he received but instead misappropriated the funds to support his own lifestyle. Through this scheme, Mr. Laumbattus fraudulently obtained approximately $150,000 from at least twelve individuals. The SEC also presented documentary evidence in support of its motion, including several counterfeit stock certificates Mr. Laumbattus provided to his investors. Mr. Davis was available for cross-examination.

Upon consideration of the SEC's motion, the lack of opposition thereto, and the testimony and evidence presented at the hearing, the Court makes the following findings:

1. This Court has jurisdiction over the subject matter of this action and over the parties.

2. The Commission has made a sufficient showing in support of the relief granted herein, as required by Section 21(d) of the Securities Exchange Act of 1934 (15 U.S.C. § 78u(d)) by establishing a likelihood it will prevail on the merits at trial and that Defendant has engaged in acts, practices, and courses of business constituting violations of Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)), and Rule 10b-5 (17 C.F.R. § 240.10b-5).

3. There is good cause to believe that, unless restrained and enjoined by order of this Court, Defendant will continue to dissipate, conceal, or transfer assets which could be subject to an order directing disgorgement or the payment of civil money penalties in this action.

4. There is good cause to believe that, unless restrained and enjoined by order of this Court, Defendant may alter or destroy documents relevant to this action.

For these reasons, the Court **GRANTS** Plaintiff's motion for a preliminary injunction against Defendant Jeffrey Laumbattus. The Court **FURTHER ORDERS** that Plaintiff's motion for a preliminary injunction against Relief Defendant Joni Laumbattus is

**DENIED**. Pending entry of a final judgment in this matter, Defendant Jeffrey Laumbattus is restrained and enjoined as follows:

## I.

## Preliminary Injunction Precluding
## Violations of the Federal Securities Laws

1. Defendant Jeffrey Laumbattus, his agents, servants, employees, attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, and each of them, shall be and hereby are enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security: (a) to employ any device, scheme, or artifice to defraud; (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

2. Defendant Jeffrey Laumbattus, his agents, servants, employees, attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, and each of them, shall be and hereby are enjoined from violating, directly or indirectly, Section 17(a) of the

Securities Act [15 U.S.C. § 77q(a)], by, in the offer or sale of any security using any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: (a) to employ any device, scheme, or artifice to defraud; (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

3. Defendant Jeffrey Laumbattus, his agents, servants, employees, attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, and each of them, shall be and hereby are enjoined from holding himself out to the public as an investment adviser and: (1) employing any device, scheme, or artifice to defraud; and/or (2) engaging in any act, practice or course of business which would operate as a fraud or deceit upon any client or prospective client, in violation of Section 206(1) and (2) of the Investment Advisers Act of 1940 [15 U.S.C. § 80b-6(1) and (2)].

## II.
### Full Accounting Of Assets

4. Defendant Jeffrey Laumbattus shall, within ten days of receipt of this Order, serve upon counsel for the Commission a sworn accounting of all funds and other assets he owns, possesses, or controls, or has rights to own, possess, or control, in

whatever form, and wherever located. The accounting provided in this paragraph shall include, but is not limited to: (1) providing a detailed description of such funds and assets; (2) reporting on the disposition and current location of the funds and assets, and (3) disclosing all bank and brokerage account numbers where these funds and assets have been deposited.

## III.

## Asset Freeze

5. Defendant Jeffrey Laumbattus, his agents, servants, employees, attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal whatsoever, by themselves or any person or entity under their direct or indirect control, any funds or assets held in the name of Jeffrey Laumbattus or for the benefit of Jeffrey Laumbattus.

6. Any institution or person or entity holding any funds, accounts or other assets in the name of, for the benefit of, or under the control of Jeffrey Laumbattus, and which receives actual notice of this Order by personal service or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets.

7. Following the submission of his accounting of assets, Defendant Jeffrey Laumbattus shall be entitled to petition the Court to request a monthly payment to pay for reasonable living expenses.

## IV.
### Restraint From Destruction Of Evidence

8. Defendant Jeffrey Laumbattus, his agents, servants, employees, attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering or disposing of any document or other record or data referring or relating in any manner to (1) the acts, practices and transactions described in the Complaint in this action, (2) communications between or among Jeffrey Laumbattus and the investors; (3) communications relating to or mentioning the "Moriah Group"; and (4) funds or other assets that Defendant received from investors.

**IT IS SO ORDERED.**

**DATED this 26th day of November, 2008**

<u>s/Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**